Alright, our last case this morning is number 21-13186, Virgil Harris v. The Lincoln National May it please the court. Ms. Carr, is that how you pronounce it? Yes, sir. Okay. I represent Virgil Harris. For over 33 years, the 11th Circuit has held that ERISA plaintiffs may submit evidence outside the administrative record in cases governed by de novo review. Directly contrary to this well-settled law, the lower court here ruled that it was limited to the administrative record. This was a clear legal error. It is crucial that this court reiterate the rule that claimants be allowed to enter evidence outside the record on de novo review as more and more cases are going to be decided de novo. 23 states have outlawed discretion. There's a bill pending in Congress right now to outlaw discretion nationwide. So, de novo is going to be the primary standard in the future. The court also made an error in this case when it decided, given the overwhelming evidence of disability, by not finding for Harris, even relying solely on the administrative record alone. With regard to the facts of this case, they're pretty simple. My client was hit from behind in a motor vehicle accident. It caused severe back pain. There's objective medical evidence in the form of MRIs that show that he has herniated discs. Some are severe, some are moderate. They cause core compression. There's nerve root impingement. My client is in a lot of pain due to this. Surgery was recommended, both for his neck and his back. His doctors found him totally disabled. He applied for disability benefits. Lincoln, the defendant in this case, found him totally disabled for two years, only to do an about face after those two years without any evidence of improvement, no change. But the standard, to be fair to Lincoln at this point, the standard changes. Yes, the definition changes from on occupation to any occupation. Right, and maybe not in this case, but that can make a huge difference. You can have the same physical disability that doesn't change, and you may not be able to work as a jackhammer operator, but you may be able to work as someone working in a sedentary position inside an office. Exactly, and in many cases, it does make a difference. In this case, it did not. They found him disabled from full-time sedentary work as an accountant. Later, when they changed their mind, they said, well, he can do sedentary work as an accountant, so the same jobs that he did prior to this. Also, sedentary work is the lowest level of physical work. So, according to the Dictionary of Occupational Titles, if you cannot perform full-time sedentary work, you cannot perform any occupation, especially under this policy. And this policy's any occupation definition includes station in life, age, prior experience. So, my client, who worked as an accountant for years, can no longer be an accountant and no longer can perform any occupation. Judge Cooper held, with regard to the legal error, Judge Cooper cited Glaser and Blankenship. Both of those cases have discretion in the policy. There are three Eleventh Circuit opinions that say, when the case is de novo, as here, the parties may put evidence beyond the administrative record, put before the court evidence beyond the administrative record. Those are Moon, Kerwin, and Shaw. And sitting here today, I learned that there's something called the Prior Panel Precedent Rule. And apparently, I believe that that would apply here. These are three separate panels, and they're published opinions. The Eleventh Circuit has never modified this holding. What was the new evidence? The new evidence here was just continuing evidence of disability, updated medical records. In these cases, you have to supply proof of loss every 90 days, according to the policy. So, whenever I'm in litigation, I order my clients continuing proof of loss. I order updated medical records, and I send them to the defense, whether they've asked for them or not. And that's primarily what it is. It just shows that he continues to remain in pain. It shows that he still hasn't been able to have the two back surgeries. I believe the— I'm sorry, go ahead. I'm sorry, go ahead. Please. I guess my question is, why isn't, when you have new information like that, that you have your client obtain, why isn't the remedy a remand to the administrator? Because you're not really having a de novo review, because the administrator never saw any of this. Right. You're not reviewing what he or she did. De novo, you're basically creating, potentially, a whole new trial that you claim to have a right to, a bench trial. Yes. And a summary judgment review standard, which isn't the situation normally in a ERISA review or Social Security disability review. There's always factual disputes. Definitely, Your Honor. I do believe that in the Eleventh Circuit, under de novo precedent, that the trial court is charged with making an independent decision and a bench trial, taking into account both new evidence and giving no presumption of correctness to the administrative record. The difference between this and, say— So the district court isn't really doing a review. I don't believe that they are, no. Not when it's de novo. When there's discretion in the policy, then there's a logical reason for allowing them to limit the record and for their administrative decision to have some weight. But here it has no weight. There's no discretion in this policy. Counsel, I'm sorry to interrupt, but I have a sort of practical question related to what you've said. You've said that every 90 days you send updated records. Just as a practical matter, I mean, when does the record close? In other words, let's say that the district court takes the case under advisement after everything is filed and now there are, you know, and maybe it's under advisement for five months and during that period there are one or two more sets of new records that there are. Do you then, I mean, when does it end? It usually ends on summary judgment or a trial, Your Honor, at a bench trial. The court cannot award future benefits. I'm sorry, counsel. But let's say, just for purposes of this hypothetical, that the parties file motions for summary judgment. The district court, based on the motions as they're filed, as of the date that they are filed, concludes that the administrator did not err under a de novo review in denying benefits. Okay. But then, but it takes the district court five months to do that from when the motions are filed. And in that intervening period, there are two more filings of new medical records. And those new medical records would change the outcome. Does the district court have to take those into consideration or does it not? I'm trying to figure out. I don't think they would have to take them in consideration. It's frozen as of the date that the motion for summary judgment is filed. I would think so. But I think that you could enter it in a trial. I mean, if the judge decided that there was no need to grant summary judgment and held a bench trial, I believe that you could put your client on the stand and have him testify as to his updated medical condition. So your view is that whenever everything is done for whatever the decisional mechanism is, that is when the cutoff is? Yes. I mean, that's generally speaking what happens. What happens here is the courts will award benefits up to the date of the judgment. They can't tell the future. They can't predict the future. So they don't award future benefits in disability cases. Because they haven't seen the evidence and your client could, you know, get hit by a bus and not be entitled to future benefits. So the court awards benefits up to the date of judgment. Right. I was more concerned about that. With the evidence, yes. Do you understand the concern? I do. I do. I mean, a civil case requires usually reciprocal discovery obligations. Right. And district courts have the ability to set deadlines for when your evidence is frozen, when it stops. Exactly. For example, when you have to submit expert reports. Right. And you can't just ignore those scheduling deadlines by coming up with new evidence all the time. Right. So, for example, if you had sent your client between the time of summary judgment and trial to a new pain expert and you wanted that expert to testify, you may not be able to have that person testify in trial. I think that's absolutely right. And these medical records were all from doctors that were in the administrative record. There were no new doctors here. I didn't hire any new experts. But I think I could have had I hired a new expert and submitted it within the deadlines that are normally set out in a joint preliminary planning report. Because a de novo case in the 11th Circuit in ERISA is a normal civil case. It is not anything but that. It is a normal breach of contract case. And it is handled no differently from a bad faith case, which is under Georgia law. And I bring cases under Georgia law all the time. And Georgia law allows evidence in. The difference is, you know, I can't prove bad faith damages. I don't get any extra contractual damages. And I still have to exhaust administrative remedies. But other than that, it is a breach of contract case. Opposing counsel cites a case from the 11th Circuit where it was de novo review and where the review was limited to the record. So, apparently, if his interpretation of that case is correct, there's a conflict. So, what do we do with the conflict of published opinions? Is that the Alexander H. case? It is. Okay, that case was not de novo review. When the court sent the case back down to the lower level, it suggested highly that this is not de novo. And the court said, oh, this isn't de novo. You're right. They do have discretion. Even if it were de novo, I mean, wouldn't we be bound under the prior precedent rule by the earliest ruling? Yes, I believe you would, by three separate Moon, Kerwin, and Shaw. And if you look at the Alexander H. case, what's interesting about that, at the district court level, the court said, well, this isn't de novo. But if it were, Moon, Kerwin, and Shaw would apply. So, even the one case that he cites where he claims that outside evidence was not allowed in and de novo, first of all, it wasn't a de novo case. It was decided at the lower court level on remand as the issue was whether or not they waived their discretion, whether or not they gave it up. And the Eleventh Circuit said, no, they didn't waive their discretion. So, the district court said, okay, they do have discretion. And if they didn't, Kerwin, Moon, and Shaw would apply. So, even the case that he cites recognizes those three precedents. All right, Ms. Carr, thank you very much. Thank you. You've saved your time for rebuttal. Thank you. Good morning, Your Honors. Good morning, Mr. Pomeroy. I'm Scott Pomeroy. I'm here for the Lincoln National Life Insurance Company. So, to prove entitlement to benefits in this case, the plaintiff was obligated to prove that as of April 22, 2019, that his medical condition at that time and beyond would continue to render him unable to perform any work, including sedentary work, which would be any work that would allow him to sit most of the day and adjust his position as necessary for comfort. The district court correctly applied the blankenship six-step process. I'm sorry. Here's the problem I have. It does seem to me that in the 1994 decision, we held that there are three standards when you're talking about de novo, when you're talking about a plan where there's no discretion, it's de novo, and when it's de novo, that you can look outside the record, right? Did we not hold that? I would say that the cases that Kerwin Moon, the plaintiff is saying, are not cases that where the predominant issue was what's the appropriate scope of the review. Well, but it's not dicta, is it? I mean, unless it's dicta, we are required to follow it, even if there is an opinion that comes out later that contradicts it, unless, of course, it's an en banc opinion. I mean, that's really the bottom line. So regardless of whatever we might think, you know, I think you have to address that particular problem. Between Williams, where they recognized that there was a wide variety of conflicting case law, particularly with respect to different standards of review, with respect to different approaches to cases that were primarily planned language cases and cases that were primarily factual dispute cases, cases that had elements of both, there was a variety of conflicting case law in the circuit that the court in Williams sought to reconcile and said, here are the three possible standards. At the time, the Eleventh Circuit believed there was a third standard, a heightened arbitrary and capricious review, and said, let's take all these standards, let's put them into a six-factor test, so if one simple test that the district courts can apply, they can go step by step through it. Each step either resolves the case under the correct standard or progresses on. Can I stop you for a second with respect to that? Here's the problem I have with Williams. I understand, and it's kind of a neat little framework. I mean, you know, it's sort of like a flow chart. You go through this, check, check, check. Here's the problem. The first step does not tell you what the record is, right? Like, you can't determine whether the decision is right or wrong based on the record if you don't know what the record includes. And the problem is that if it's a de novo standard of review, if it's a plan with no discretion, we have said in our case law that you can look at things beyond what was before the decision maker. And so that's the problem, right? It doesn't account for that until the second step, but you don't know what the record includes. I think we do because what the record includes in these ERISA cases is defined in the Department of Labor's regulations. There's a regulation that defines what is the record. And the record comes to a close once the administrator has made their final decision. But again, so that's the problem, right? Because if that's the case, then that conflicts with what we've said earlier, which is when you have a case where there's no discretion and it is de novo review, you can look to things beyond the record. I mean, we've said that before whatever we held in Williams. So why are we not bound by that under our prior precedent rule? I was getting to the answer to that in my prior discussion of the Williams case because what happened with respect to that third standard review, that heightened arbitrary and capricious review, is in the United States Supreme Court case of Glenn, they said, no, there is no third standard. It's just one of the factors that you look at. But that's not in this case, so we don't have to worry about that. But it is because it deals with, because the 11th Circuit then came back under the guidance of the United States Supreme Court's decision in Glenn and said, let's reexamine our test. And let's reexamine our test. And they said, okay, we're going to modify Step 6. Steps 1 and 2, the de novo review, stay the same. Steps 3 through 5, arbitrary and capricious, stay the same. Step 6, which dealt with this heightened arbitrary and capricious review, that one's not correct according to the Supreme Court, so we're going to revise that. So at that point, you've got the test being reiterated by this court under guidance of the United States Supreme Court. And I think at that point, from that point forward, you do not have cases where these older cases with the conflicting standards. But here's the problem. Unless one of those cases directly held that you cannot apply materials from outside the record, why are we not required under our prior precedent rule to comply with our prior precedent, which says that when you have a case with no discretion and there is de novo review, that you can look to things outside the record? As I said, I think the regulations define what is in the record. And I think there's also a logical reason for this. And there's also policy reasons under ERISA. Maybe I'll go through all those. The first is the regulations define what is a regulation. Second is once you go beyond—the regulations define what is in the record. Once you go beyond the record, you are no longer— the court is no longer functioning as providing a de novo review of an underlying decision because it's the decision and decision-making process— But what I hear you saying is that our earlier decision was wrong. And you might be right about that. It might have been wrong. But the problem is our prior precedent rule is very strict. And it says that if we have previously held something, that we are required to stick to whatever the first case was on that issue, what we ruled in that first case, unless the Supreme Court has spoken directly to it or we, in an en banc opinion, have overruled it. And so what would be helpful to me would be— it doesn't matter what's in the regulations and policy reasons and all of that. That doesn't take precedence over our prior precedent rule. So what would be helpful to me would be if you could point to either— choice number one would be to tell me why our earlier decisions don't actually hold that if it's a de novo review because there's no discretion, you can add stuff to the record. Choice number two would be to show me what Supreme Court opinion and specifically where overruled or abrogated that specific part of our prior precedent that says you can look outside the record in a de novo review. And I guess choice number three would be if there's some en banc ruling that I'm not aware of that has abrogated that. I think in the Supreme Court Glenn case, there was a discussion— let me go back and talk about Moon and Kerwin-Shaw. I don't think those cases clearly hold that in de novo review, you get—as a matter of right, you have access. You can include anything you want into the record. Moon was a case where I don't think you can draw any conclusion about the proper review under ERISA because the case there, the district court had applied state law standards. The Eleventh Circuit said, no, you should have applied ERISA. But then they said, but there was no prejudice because the outcome was based on what you did, and so the error was harmless. But it rejected—Moon rejected the defendant's argument that in figuring that issue out, you couldn't look at evidence outside of the administrative record. The quote is, American homes contention that a court conducting de novo review must examine only such facts as were available to the plan administrator at the time of the benefits denial is contrary to the concept of de novo review. I mean, it took that argument head-on and rejected it. It didn't make a difference in that case, as you said, but it rejected that argument. And then Kerwin, the next case says, in this circuit, a district court conducting a de novo review of an administrator's benefits determination is not limited to the facts available to the administrator at the time of the determination. And finally, Shaw, although Shaw, I didn't think, applied the standard. It said, as a rule, de novo review permits the parties to put before the district court evidence beyond that which was presented to the administrator at the time the denial was made. That's a lot of language for you to overcome, I think. What I would say is with respect to the United States Supreme Court's decision in Glenn, the court addressed, granted this was in the context of arbitrary and capricious, but the court took on this idea of when can you go beyond the administrative record and said in an arbitrary and capricious case, issues such as potential bias or other kinds of procedural irregularities can give rise to circumstances where a claimant can bring in evidence where it's relevant and where there's a showing of good cause for it. If you can bring that into the case, I would say that in the de novo context, the same thing applies. As a general rule, you're limited to the record, but say you have a circumstance where there's a dispute as to what was actually submitted and is part of the record. That might be a dispute where additional evidence going to what was in the record can come in or other sorts of circumstances where additional evidence is necessary to understand the decision. But what constitutes the record for purposes of de novo review is set in the federal regulations. But isn't Ms. Karth right that whether we've gotten it correct or incorrect in the past, essentially in our circuit, when the plan administrator does not have discretion, you basically have a breach of contract case in federal district court? No, I think that's wrong. I think that's wrong. I don't think the holdings can be read that way, particularly in light of— How do you think a de novo case proceeds then? Tell me. A de novo case proceeds in the following. The court reviews the administrator's determination based on the record that was before the administrator. Tell me one de novo review case that says that in this circuit. In this circuit. By the way, as Judge Rosenbaum said, we may have been right, we may have been wrong in Moon and Kerwin. There are circuits that say you can introduce new evidence like Moon and Kerwin do. There are some circuits that say absolutely not, not even in a de novo context can you introduce new evidence. And others require a good cause showing. So the circuits are all over the place on it. But tell me one 11th Circuit case, if you have it, that says that in a de novo ERISA benefits case, you are limited to the evidence before the administrator. I would say that all the cases that were decided on the first step. No, that's not my question. Then I would say that there's a case from 2015, the 11th Circuit. It's Glenn v. American United Life Insurance, which is 604 Federal Appendix 893. And I believe Judge Rosenbaum was on the panel. 693, you said? 893. 893. 604 Federal Appendix 893. And I'm looking at particularly pages 897, 98, and footnote 4. Where it says our analysis, in that case, our analysis begins and ends at the first step. But footnote 4 makes clear that there's no discretionary language in the plan. And so that case is absolutely a de novo case. I think these other cases— Is there any dispute in that case about new evidence being introduced or not? Because there are de novo cases where the parties don't introduce new evidence. And they rely on the administrative record. That's fine. Well, then, I mean, there are also cases, you know, for instance, the— Kirwan, where both parties already—both parties introduced evidence, so there wasn't really a dispute as to the evidence there either. And both sides wanted to do it, and the court said, yeah, you can do it. Yeah, so— But I would point to that. I would point to that. And, like I said, any of these cases, including the one that this court issued just a month ago, which is Nunnally—let me get the site on Nunnally— where, again, the court issued the decision based on the first step of the— the first step of the blankenship six-factor test. And, you know, there's no language in that case that said— a discretionary case, anything other than de novo review. And there's a part of that case that talks about, you know, supplementing the record. Now, granted, it's talking about supplementing the record on appeal from the trial court, but I think the idea of supplementing the record on a de novo appeal, a de novo case, is very much like supplementing the record in a regular case from the district court to the appellate court. The appellate court looks at what the decision of the district court was in most cases. In the ERISA context, the scenario that Congress envisioned is that the administrator makes the determination for a whole variety of efficiency, consistency, predictability, policy reasons, and then the district court reviews the decision. Otherwise, you know, particularly for long-term disability where you have a claim that can go on and on, this was the question that the panel posed earlier about where do you cut off the record? I mean, Congress did not want to embroil the district courts in these ongoing, again and again and again, just sort of, is this person disabled? Are they still disabled? 90 days later, are they still disabled? 90 days later, are they still disabled? It's like, this is the administrator's determination. When you get to federal court, the federal court makes a determination based on that record. But if it's de novo, the district court is basically making factual determinations on its own without any care for what the administrator found, right? It looks at the administrative record and then decides what are the facts on the ground and then applies the legal standards set forth in the plan for the benefits. It's not doing anything. It's not redoing anything. It's conducting its own review as if it were a district court in a bench trial. It's doing its own review, but the question before the court is not the factual question of resolving factual disputes that might be in the administrative record. The factual question before the—or actually a legal question before the court is, is the administrator's determination correct? Is it de novo correct? Is it de novo wrong? Okay, but when you're doing de novo review, okay, you're a district court undertaking de novo review in an ERISA case, and there are conflicting medical reports as to a person's disability or alleged disability. What is the district court supposed to do with those conflicting medical reports? The court is supposed to examine whether the administrator correctly applied the preponderance of the evidence rule to say, yes, the preponderance of the evidence supported the decision because— So you're applying—if you're the district court in that de novo case, you're applying clear error review to the administrator's factual findings? Well, this court has not said that clear error applies, and that's— I know. I'm asking you. I'm asking you. So you have free reign to make up a standard. So what is the district court doing when it has a case? It's making a legal determination on whether it agrees on the decision of the administrator. What about the facts? The facts— In other words, the administrator says, I know that your physician says you're disabled and you've got these problems, but we submitted your records, and as a matter of fact, you went to a subsequent exam before our physicians, and our physicians came up with a different diagnosis. We prefer the diagnosis of our physicians. They're more credible. They're more persuasive than your physicians. District court gets de novo review because the plan administrator has no discretion. What does the district court do with the facts on the ground? The district court examines the decision in light of that record. It's the decision that the court is reviewing. But what does it do with the facts on the ground? It considers them, but— In what way? Does it give deference to the factual findings made by the administrator? It does not give deference on de novo review. So it does its own review. It basically says, I'm going to decide what the facts on the ground are, and then I'm going to apply the disability standard. It reviews the decision in light of those facts, but it does— Which facts? The facts that were found? I guess in light of the evidence that was before the administrator. It does not have to resolve factual disputes in order to determine if the decision was correct. In some cases, that is absolutely right, but in some cases that's not true. Because in some cases—I mean, we've been through a lot of ERISA cases. In a lot of cases, the evidence is conflicting. And a lot of those cases, of course, involve arbitrary and capricious review, and if there's evidence supporting the administrator's decision, we affirm. So you think you look at the decision— You look at the decision. —without— In the context of the record that was before the administrator, because otherwise you're adjudicating the facts, which is not the proper role of the district court. So you don't do fact-finding in de novo review? No. Even if the facts are in dispute? No, even if facts are in dispute, and I think that— How do you find the facts? Without giving deference to the administrator. You see the problem? I think it's a rhetorical problem more than a practical problem, because if a court looks at the evidence that's in the record and says, based on this evidence, it's so conflicted, I can't make a decision based on these facts. I'm sorry, based on this evidence. It's evidence that's in the record, not facts. Based on this evidence, I can't tell what the facts are myself. I can't determine that the decision was correct. Well, then they're going to say the decision was wrong. Or there's not a category in the ERISA review for the court to say, I can't tell what the facts are from the evidence, so we're going to hold a full trial on it. It's correct or it's wrong, and that, I think, sounds like a case where the decision would be wrong, and maybe it should be remanded back to the administrator to do additional fact-finding to itself resolve or additional evidence in the record to resolve the— Okay, Mr. Palmore, we've taken you, and I've taken you, way beyond your time. Thank you very much for answering the questions. Okay, Ms. Carr, you've got some time left for rebuttal. First of all, the Glenn case, the Supreme Court case that he mentioned, that was an arbitrary and capricious case. The court, the policy had discretion. There's no case in the Eleventh Circuit that says that I have to show good cause to enter administrative evidence, I mean, outside the record. Furthermore, they didn't argue that in the lower court. With regard to the multi-step test, Judge Edenfield's test and Williams, I believe that he's arguing form over function here. The test, the multi-step test, doesn't define the administrative record. It doesn't have any effect on how large the scope of the evidence is. First, the court says, is there discretion, and then allows evidence, and then you could follow the multi-step test if you wanted to in a de novo case, and you all have done so, but what you all have done, there was a recent decision, in Hornland, you all said, well, it's de novo, so we're only going to do the first step. You could apply it if you wanted to. It's a guideline in a de novo case, but it does not have any effect on whether or not you're allowed to offer evidence into the administrative record. With regard to, he keeps insinuating that this is a review, the district court is like a review of an appellate court. That only applies when they have discretion. If they don't have discretion. To be fair to Mr. Pomeroy's argument, our cases talk about de novo review. They do. As opposed to de novo determination, and so the terminology is not quite clear. The terminology is confusing, it is, and the only case that I could find that really explained it was a Middle District of Florida case, the Hawkins case, and they said de novo has two meanings. It means that you can allow in outside evidence and it also means that you don't give them any presumption of correctness. And in a de novo case where the standard of review in the 11th Circuit is de novo, you get both. Mr. Harris should have been allowed to offer outside evidence and the court gives no presumption of correctness to the lower court. So that was the one case that I found that really explained that and the meanings of de novo review. The question I wonder is, why did the ERISA statute offer a civil remedy provision wherein you go to civil district court to dispute this if they intended to allow the insurance company to make the decisions, to have full discretion? I mean, there would be no need for this if the court was merely an appellate court. That's not necessarily true because there are cases in this circuit, even under arbitrary and capricious review, where an administrator's decision gets overturned. Well, that is true. That's true. However, most of those cases, like say the Social Security Administration, those cases, there was an actual administrative agency that made a decision. There's no administrative agency here. There's an insurance company. There's no, when you exhaust administrative remedies before an insurance company, you don't get a hearing like you do in Social Security. So I think it's the fact that this is administrative law at all, especially in the context of an insurance company, is a fiction. I don't think it applies. Do you agree with Judge Jordan's questions earlier to opposing counsel that effectively you're arguing that when you have a de novo standard, this becomes a normal civil case, a breach of contract case, with all the normal procedures and attachments? All the normal rules apply. The Rule 56, did my client submit a genuine issue of material fact? That applies. So the administrative record probably wouldn't even be admissible. There's all kinds of hearsay in there. It is tons of hearsay, and these cases have so much hearsay. I mean, and it's amazing that no one ever objects to it. But the, if you look at Firestone, and Firestone is what began this whole thing, Judge O'Connor said, you cannot read into these cases discretion where it isn't expressly given because that would offer less protection to the employees than they had before ERISA. And so the defense in Firestone argued, well, you're going to cause more litigation. It's going to be inefficient. You know, it'll take more time. All the same things that he's arguing here. And the court said, well, those aren't, that's not what is important. What is more important in ERISA is to protect the employees. And I think what's more important is the truth is more important than efficiency. And I think that in our civil litigation system, what we use to establish the truth is evidence. And I believe that that's a more important value. All right, Ms. Carr. Thank you very much, Mr. Pomeroy. Thank you very much as well. We're in recess for today. All rise.